**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN A. MILLER,
         Appellant,

      v.

UNITED STATES POSTAL SERVICE,
         Agency.

DOCKET NUMBER
PH-0752-14-0592-B-1

DATE: June 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven A. Miller</u>, Export, Pennsylvania, pro se.

<u>Suzanne B. McCabe</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the remand initial decision, which dismissed his constructive removal claim for lack of jurisdiction and his Veterans Employment Opportunities Act of 1998 (VEOA) claim as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that the agency issued disciplinary actions to the appellant after October 2012, we AFFIRM the remand initial decision, which is now the Board's final decision.

## BACKGROUND

¶2     The appellant held a Supervisor, Customer Services position at the agency. Initial Appeal File (IAF), Tab 4 at 53.  In May 2012, the agency issued him a letter of warning in lieu of a 7-day suspension for improper conduct. Remand File (RF), Tab 8 at 18-19.  It appears that the appellant ceased reporting to work in August 2012, allegedly for medical reasons.  *Id.* at 12, 16‑17.  His last day in a pay status was on October 12, 2012.  IAF, Tab 4 at 53.

¶3     On or before October 19, 2012, the appellant wrote a letter to the agency reporting certain alleged violations of law.  RF, Tab 8 at 6-7.  He claimed that he was forced to carry mail in violation of his medical restrictions and the contract.[2] *Id.* at 6.  According to the appellant, he had become indefinitely incapacitated due to carrying mail, and he was forced to seek disability retirement.  *Id.*

---

[2] The "contract" is the National Agreement between the agency and the National Association of Letter Carriers.  IAF, Tab 4 at 37, 47.

¶4     The appellant applied for immediate disability retirement in November 2012. IAF, Tab 4 at 57-60.  In February 2013, the agency issued the appellant a letter of warning for his continuous absence from August 2012 to January 2013.  RF, Tab 8 at 16‑17.  Later that month, the agency issued him a proposed letter of warning in lieu of a 7-day suspension for his absence from January to February 2013.  *Id.* at 9-10.  The appellant's disability retirement application was granted effective March 11, 2013.  IAF, Tab 4 at 53.

¶5     In May 2013, the appellant filed a formal equal employment opportunity (EEO) complaint alleging that he was forced to retire because the agency retaliated against him for prior EEO activity and discriminated against him based on disability.  *Id.* at 16, 54.  He specifically alleged that, from September 2010 to August 2012, he was forced to carry mail and work overtime until he was medically unable to perform his duties.  *Id.* at 25, 41, 44-48.  On February 10, 2014, the agency issued a final agency decision concluding that the evidence did not support a finding of discrimination.  *Id.* at 38‑39.  The appellant subsequently filed a Board appeal and requested a hearing.  IAF, Tab 1.

¶6     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal, which he interpreted as raising claims of involuntary disability retirement and violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, for lack of jurisdiction. IAF, Tab 9, Initial Decision.  The appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  In a nonprecedential order, the Board remanded the case to the regional office to determine whether the appellant's allegations of whistleblower reprisal supported a finding of coercion and to afford the appellant jurisdictional notice for his potential whistleblower reprisal and VEOA claims. *Miller v. U.S. Postal Service*, MSPB Docket No. PH-0752-14-0592-I-1, Remand Order at 2, 6-8 (Feb. 24, 2015) (Remand Order).

¶7    On remand, the administrative judge informed the appellant of the elements of a prima facie case of retaliation for whistleblowing and ordered him to provide information on these elements.  RF, Tab 2 at 2.  In the same order, he also gave the appellant jurisdictional notice of his VEOA claim.  *Id.* at 3-6.  He advised the appellant that his VEOA claim appeared to be untimely filed and ordered the appellant to provide information as to jurisdiction and timeliness.  *Id.* at 6‑8.  The appellant responded to the order.  RF, Tabs 8-9.

¶8    Without holding a hearing, the administrative judge issued a remand initial decision dismissing the appellant's constructive removal claim for lack of jurisdiction and his VEOA claim as untimely filed.  RF, Tab 10, Remand Initial Decision (RID) at 2, 9-10.  He found that the appellant failed to make a nonfrivolous allegation of intolerable working conditions rendering his retirement involuntary.  RID at 8.  He further found that the doctrine of equitable tolling was not available in this case because the appellant failed to demonstrate his diligence in pursuing his rights under VEOA.[3]  RID at 9; *see* 5 C.F.R. § 1208.22(c).

¶9    The appellant has filed a petition for review of the remand initital decision.  Remand Petition for Review (RPFR) File, Tab 1.  The agency has responded in opposition.  RPFR File, Tab 3.  The appellant has filed a reply to the agency's response.[4]  RPFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10   The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An employee‑initiated

---

[3] The appellant does not dispute this finding on review, and we decline to disturb it.

[4] Pursuant to Board regulations, we interpret the appellant's February 12, 2016 pleading as a reply to the agency's response to the petition for review.  5 C.F.R. § 1201.114(a)(4).

action, such as a retirement, is presumed to be voluntary, and therefore outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id.* If an appellant makes a nonfrivolous allegation[5] of jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence.[6] *Id.*, ¶ 18; 5 C.F.R. § 1201.56(b)(2)(i)(A). The administrative judge found that the appellant failed to nonfrivolously allege facts that would establish Board jurisdiction over his alleged involuntary retirement. RID at 8. We agree.

¶11　　To overcome the presumption that his retirement was voluntary, an employee must show that it was the product of the agency's misinformation, deception, or coercion. *Vitale*, 107 M.S.P.R. 501, ¶ 19. To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of his resignation or retirement, he had no realistic alternative but to resign or retire, and his resignation or retirement was the result of improper acts by the agency. *Id.* In cases such as this one, when the employee alleges that the agency took actions that made working conditions so intolerable that he was driven to an involuntary retirement, the appropriate test for voluntariness is whether, under all of the circumstances, the agency made working conditions so difficult that a reasonable person in the employee's position would have felt compelled to retire. *Id.*, ¶ 20; *Markon v. Department of State*, 71 M.S.P.R. 574, 577‑78 (1996). The Board considers allegations of discrimination and reprisal, including reprisal for whistleblowing, only insofar as they relate to the issue of voluntariness. *Markon*, 71 M.S.P.R. at 578-80. Therefore, the Board will only

---

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

[6] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

reach the issues of discrimination and reprisal if a constructive removal is established based upon consideration of all allegations of incidents of harassment, unfavorable treatment, and other coercion. *Id.* at 580.

¶12 After we remanded this appeal, the appellant made general allegations that he engaged in whistleblowing and that the agency retaliated against him. RF, Tab 8 at 1. However, he only identified one specific alleged whistleblowing disclosure, the letter that he sent to the agency on or before October 19, 2012. *Id.* at 6‑7; *see Thompson v. Department of the Air Force*, 21 M.S.P.R. 460, 463 (1984) (finding that an employee must make specific allegations raising nonfrivolous issues of fact to overcome the presumption that his retirement is voluntary). The appellant signed his disability retirement application a few days later. IAF, Tab 4 at 60. Approximately 3 months after these events, the agency issued the appellant a letter of warning and a proposed letter of warning in lieu of a 7‑day suspension for his continuous absence since August 2012.[7] RF, Tab 8 at 9-10, 16-17.

¶13 Interpreting this pro se appellant's pleadings liberally, he appears to allege that this discipline was an attempt by the agency to effect his removal. *Id.* at 1; *see Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties before the Board, particularly those without the benefit of legal counsel, are not required to plead the issues with the precision required of an attorney in a judicial proceeding), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). However, the fact that an employee is faced with an inherently unpleasant situation or that his choices are limited to unpleasant alternatives does not make his decision involuntary. *Lawson v. U.S. Postal*

---

[7] To the extent that the administrative judge incorrectly found that the agency did not take or contemplate any disciplinary action against the appellant after October 2012, we modify the initial decision. RID at 7‑8; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

*Service*, [68 M.S.P.R. 345](), 350 (1995).  Nor is an employee guaranteed a working environment free of stress.  *See Miller v. Department of Defense*, [85 M.S.P.R. 310](), ¶ 32 (2000).  Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign.  *See id*.

¶14    We find that the appellant's allegations of whistleblower reprisal do not support a finding of coercion.  The letters of warning issued to the appellant after his October 2012 disclosure would not have compelled a reasonable person to retire.  *See Axsom v. Department of Veterans Affairs*, [110 M.S.P.R. 605](), ¶¶ 13-14, 17 (2009) (finding that an agency's request for medical documentation and the threat of being deemed absent without leave did not coerce an appellant into resigning because, in pertinent part, he acted precipitously, tendering his resignation before any negative action took place).  Further, the appellant's conclusory statement that he "had no choice to retire or be fired" does not establish the involuntariness of his choice.  RPFR File, Tab 1; *see Lamb v. U.S. Postal Service*, [46 M.S.P.R. 470](), 474 (1990) (observing that the decision to resign, rather than be removed, without more, does not amount to coercion).  Finally, he has not alleged that the agency's basis for its disciplinary actions, his continuous absence, could not be substantiated.  *See Barthel v. Department of the Army*, [38 M.S.P.R. 245](), 251 (1988) (observing that a finding of involuntariness may be based on a showing that the agency knew it could not substantiate the basis for a threatened removal).  Thus, we find that the appellant has failed to make a nonfrivolous allegation that his retirement was coerced, and the administrative judge properly dismissed his constructive removal claim for lack of jurisdiction.

¶15    On review, the appellant reiterates his claim that the agency violated the contract and Federal rules by forcing him to carry mail until he could no longer physically perform his duties and had to retire.  RPFR File, Tabs 1, 6.  However, we found in our previous remand order that these claims were insufficient to

establish that the appellant's disability retirement was involuntary. Remand Order, ¶¶ 6‑8. We decline to revisit that finding here.

¶16    The appellant's additional claims do not state a basis for granting the petition for review. He first argues that the agency prevented him from entering agency property to obtain statements from former employees. RPFR File, Tab 1. The appellant does not support his assertion that the agency has an obligation to provide him with access to former employees. He also claims that the agency failed to provide requested information. RPFR File, Tab 6. However, because he did not file a motion to compel below, he is precluded from raising this discovery issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶17    The appellant next argues that the agency deleted his emails, but he does not specify the relevant content of the emails or explain why he did not raise this issue below. RPFR File, Tab 1. His vague allegation does not support an inference that the agency deliberately destroyed emails to impede his appeal. *Cf. Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 23 (2003) (finding the appellant was not entitled to a negative inference against the agency for destroying interview notes because the note-taker destroyed the notes after completing his report pursuant to his routine practice, the agency made the report available, and the note-taker testified at the hearing).

¶18    Further, the appellant's conclusory statement that the administrative judge ignored the evidence does not provide a reason for review. RPFR File, Tabs 1, 6; *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (finding that the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶19    Finally, the appellant states generally on review that the agency failed to provide him with due process in connection with its alleged attempts to remove

him.  RPFR File, Tabs 1, 6.  Because we have found already that the Board lacks jurisdiction over the appellant's retirement, we decline to discuss this argument further.  *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015) (observing that defenses to an alleged involuntary retirement, such as an alleged due process violation, are not relevant to the threshold issue of jurisdiction).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you

---

[8] The administrative judge afforded the appellant mixed-case review rights.  RID at 13-15.  However, when, as here, the Board lacks jurisdiction over an appeal, we provide notice of nonmixed-case review rights.  *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (2013).  We have provided the appellant the proper review rights here.

choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.